Archibald C.Wemple, J. The moving
The movingpapers of the defend- ant Esther L. Gold contained an affidavit signed by Joseph W. Kennedy, Esq., one of the partners in the firm of Begley, Diamond & Begley, which affidavit sets forth that this action was commenced on January 12, 1954; issue was joined on February 10, 1955 and the case noticed for trial for the term of Schenectady County Court held on April 11, 1955. The affidavit indicates that the plaintiff has not proceeded to trial at any of the ensuing terms of County Court held during the years 1955, 1956 or 1957. The said affidavit further sets forth that the plaintiff’s attorney has failed, after a demand made on made on *876 February 3,1955, to file a bill of particulars, and that the plaintiff only submitted to a physical examination after an order of this court dated November 22, 1955.
The said affidavit of Mr. Kennedy further shows that the defendant Esther L. Gold died on September 16, 1956 and no proceedings have been taken for substitution for the said deceased defendant party.
The answering affidavit of the plaintiff’s attorney indicates that the attorney’s delay in bringing this action on for trial was due to the pendency of a sidewalk injury case involving municipal liability, entitled Fullerton v. City of Schenectady (285 App. Div. 545, affd. 309 N. Y. 701) —which case was tried in the Supreme Court, Schenectady County; said affidavit further shows that the disposition of the Fullerton case affected the liability of the defendant in this case. Said affidavit shows that at no time at any of the terms of County Court, when said case was on the County Court Calendar, were the attorneys for the defendant Gold present, nor did they take any action “ to ascertain the reason for the case being marked off the Calendar”; said affidavit further alleges ignorance of the decease of the defendant Gold and further affirmatively states that now the Fullerton test case has been finally decided, the plaintiff is in a position to proceed with this action after stipulating to discontinue as against the defendant, the City of Schenectady.
Under the circumstances, it appears that the delay of the plaintiff to proceed with the trial of this case has been reasonable and that the delay in moving this case for trial was mainly due to the fact that the plaintiff wished to determine the liability, if any, of the defendant City of Schenectady, before proceeding against the defendant Gold.
By oral stipulation the parties agreed to dismiss as against the City of Schenectady and an order to that effect should be entered herewith.
Since the defendant Esther L. Gold appears to be deceased, but the action against her estate may survive her decease, the plaintiff should now move to substitute the estate of Esther L. Gold as party defendant in place of Esther L. Gold as presently named party defendant in this action.
Motion denied on condition that plaintiff now moves with reasonable dispatch in the prosecution of this action. If the case is not disposed of at the next Jury Term of County Court, renewal of motion to dismiss will be entertained.
Enter order accordingly.